UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                              CRIMINAL ACTION

VERSUS                                                                NO. 06-236

DEMOND BUTLER                                                         SECTION "K"

ORDER AND OPINION

Before the Court is the "Motion for Reconsideration" filed by defendant Demond Butler, *pro se* (Doc. 46), in which defendant asks the Court to reconsider its August 27, 2012 Order denying defendant's Motion for Modification of a Term of Imprisonment Based on Retroactive Amended Guidelines (Doc. 43). The Court denied defendant's "Motion for Modification of a Term of Imprisonment Based on Retroactive Amended Guidelines" concluding that he was ineligible for a reduction due to his status as a career offender. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the "Motion for Reconsideration."

Defendant urges the Court to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines which implemented the Fair Sentencing Act of 2010 and lowered the Sentencing Guidelines applicable to offenses involving cocaine base. However, because Amendment 750 does not apply to defendant, his motion lacks merit. At the time defendant pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §841(a)(1) and 851(a), he had a prior state felony conviction for unlawful delivery of cocaine and a prior state felony conviction for possession with intent to distribute marijuana. Because defendant had two prior felony convictions for controlled substance offenses at the time he pleaded guilty to the federal felony controlled substance offense and was older than

18 at the time of the federal offense, defendant qualified as a career offender within the meaning of United States Sentencing Guideline §4B1.1. The Court calculated defendant's Sentencing Guideline Range and sentence based on his status as a career offender rather than on the amount of crack cocaine involved in this federal conviction. The Fifth Circuit Court of Appeals has held unequivocally that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Given the defendant's status as a career offender, the Court properly held that defendant was not entitled to a reduction of his sentence based on Amendment 750, and there is no basis for the Court to reconsider its order denying defendant's "Motion for Modification of a Term of Imprisonment Based on Retroactive Amended Guidelines." Accordingly, defendant's "Motion for Reconsideration" is DENIED.

New Orleans, Louisiana, this 4th day of September, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE