UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-236 |
| DEMOND BUTLER | SECTION "K"(2) |

## ORDER AND REASONS

Defendant, Demond Butler, wrote a letter to the Court "asking the Court to grant [him] a motion for a rule 35 on [his] behalf do [sic] to [his] Government [assistance]." (R. Doc. 48). Construing the letter as a Rule 35 motion, the Court denies the motion for the following reasons.

I. BACKGROUND:

The Defendant was indicted on August 17, 2006, charging him with one count in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), for knowingly and intentionally possessing with the intent to distribute 50 grams or more of cocaine base. On May 16, 2007, the Defendant pled guilty to the one count charged in the indictment. In consideration of the Defendant's plea agreement and the Government's 5K1.1 motion, on September 19, 2007, was sentenced to 196 months imprisonment and 10 years of supervised release.

On April 1, 2008, the Defendant filed a motion, pro se, for retroactive application of the sentencing guidelines to crack cocaine offense under 18 U.S.C. § 3582. The motion was denied because "the defendant is ineligible for a reduction as a career offender." (R. Doc. 43). The Defendant filed another motion, pro se, on July 19, 2012, seeking retroactive application of the sentencing guidelines to his crack cocaine offense, and again it was denied for the same reason. (R. Doc. 45). The Defendant then filed a Motion for Reconsideration (R. Doc. 46) on September 17, 2012, of the denial of his motion for reduction, which was denied as explained in an order

1

and opinion issued on September 4, 2013. (R. Doc. 47). The Defendant then filed the instant Motion for relief under Rule 35. (R. Doc. 48).

## II. LAW & ANALYSIS

Under Rule 35 of the Federal Rules of Criminal Procedure, the United States may move the Court to impose a sentence below the statutory mandatory minimum when a defendant has rendered substantial assistance to the government in an investigation or prosecution of another person. Fed. R. Crim. P. 35; *see also United States v. Fontenot,* 2010 WL 55491 (W.D. La. Jan. 6, 2010). It is well-settled that "[t]he government is under no obligation to file a Rule 35(b), despite whatever substantial assistance the defendant might give." *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007)(citing *Wade v. United States*, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)); *Fontenot*, 2010 WL 55491 at *2, n.4 (noting that the principle in *Wade* applies to Rule 35, which is an analog to the pre-sentencing motion under USSG § 5K1.1). The government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive, such as race or religion,[1] or the government has "bargain[ed] away" its discretion.[2] *See Grant*, 493 F.3d at 467; *Fontenot*, 2010 WL 55491 at *2. Allegations that "a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing[; n]or would additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186; 112 S.Ct. at 1844.

The Defendant states that he testified in June of 2013 in relation to the prosecution of another defendant. He avers that the prosecutor in that matter told the Defendant that she had spoken with the Court on the Defendant's behalf and informed the Court that the Defendant had

---

[1] *See Wade*, 504 U.S. at 185.
[2] *United States v. Price,* 95 F.3d 364, 367-68 (5th Cir.1996).

2

cooperated to the best of his abilities. R. Doc. 48. Thus, the Defendant requests that the Court grant him a Rule 35 motion.

The Court notes that, prior to sentencing, the Defendant, in his plea agreement with the United States, acknowledged that it is within the "sole discretion of the United States Attorney as to whether a motion requesting departure from the sentencing guidelines should be filed." R. Doc. 30, 3. The plea agreement obligates the government only insofar as it "agree[d] to bring to the attention of the Court any cooperation rendered by the defendant *prior* to sentencing." *Id.* (emphasis added).

While the Court sympathizes with the Defendant's plight, it cannot now order the government bring a Rule 35(b) motion when the Defendant has not alleged that the government has refused to file a Rule 35(b) based on an unconstitutional motive[3] or "bargained away" its discretion. Indeed, it appears that the Defendant would likely be unsuccessful even if he had made such an argument; the Defendant benefitted from a pre-sentencing § 5K1.1 motion filed by the government, which the Court granted. Nor can the Court *sua sponte* reduce the Defendant's sentence under a Rule 35(b) motion filed by the Defendant himself.[4] Thus, while the Defendant may have rendered substantial assistance warranting a reduction in his sentence, the Court is unable to grant the Defendant's request.[5]

Accordingly,

---

[3] *See United States v. Brown*, 547 F. App'x 637, 644 (5th Cir. 2013) ("Brown could also be entitled to relief if the prosecutor refused to file a Rule 35(b) motion for reasons not rationally related to any legitimate Government end . . . .[h]e however, did not allege before the district court or this Court that the Government's refusal to file the motion was not rationally related to any legitimate Government end.")

[4] While this might have been possible under the prior version of Rule 35(b), the current version of the Rule does not allow for this action by the Court. *See In re U.S.*, 900 F.2d 800, 803 (5th Cir. 1990).

[5] The Court notes that the facts surrounding the Defendant's sentencing calculation compare to that of other defendants sentenced as career offenders and denied retroactive application of the amendments to the Fair Sentencing Act of 2010. *See United States v. Davis,* 2014 WL 2625004 (E.D. La. June 12, 2014). Should Fifth Circuit precedent change as to this point, the Defendant may then be able to seek relief through any means available to him.

3

**IT IS ORDERED** that Defendant's Rule 35 motion (R. Doc. 48) is **DENIED**.

New Orleans, Louisiana, this 2nd day of September, 2014.

                                      **STANWOOD R. DUVAL, JR.**
                                      **UNITED STATES DISTRICT JUDGE**